Castner *v.* Sliker.

RACHEL CASTNER

*v.*

CATHERINE M. SLIKER et al.

A married woman, who has acquired an interest as tenant in common in land since July 4th, 1852, may institute a suit for partition of the land without joining her husband as a party to it.

On demurrer to complainant's bill.

*Mr. Paul A. Queen,* for complainant.

*Mr. Martin Wyckoff,* for demurrant.

THE CHANCELLOR.

The bill is filed by Rachel Castner for the partition of certain lands, of which she is one of the tenants in common, and discloses that the complainant is a married woman whose husband is alive and is not a party to the suit. The demurrer raises the question whether he should have been made a party.

Mrs. Castner's interest in the land was acquired in August, 1857, by devise from her grandfather. By force of the third section of the act entitled "An act for the better securing the property of married women," approved March 25th, 1852 (*P. L. p. 407*), now incorporated in section 3 of the married woman's act in the Revision of 1874 (*Rev. p. 637*), she holds this interest as "her sole and separate property as though she were a single woman."

Because of this statute, the husband has no estate of tenancy by the curtesy initiate in his wife's lands, even though the common law requisites to that estate may exist. *Porch* v. *Fries, 3 C. E. Gr. 208.*

By force of the eleventh section of the married woman's act (*Rev. p. 638*), the complainant may maintain an action for the

NOTE.—See *Weise* v. *Welsh, 3 Stew. Eq. 431, note.*—REP.

" recovery and protection " of this property in her own name, without joining her husband.

A suit in partition is an action within the contemplation of the statute, and especially so, when, as in this case, the married woman complainant is out of the actual possession and enjoyment of her interest in the land.

The husband of Mrs. Castner, then, is not a necessary party to the suit, and consequently the demurrer will be overruled, with costs.